**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JAMIE LYNN RUBOTTOM-** | ) | |
| **LANGENECKERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:20CV188 SNLJ** |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM and ORDER**

This matter is before the Court on plaintiff's motion for appointment of counsel [#3] in this Social Security appeal.  Plaintiff submitted the form motion and affidavit in support of her motion, but she did not explain any effort she has made to obtain counsel. It thus appears that the motion is incomplete.  Regardless, a "pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present [her] claim." *Id.*  This case appears to a straightforward appeal of the Social Security Administration's decision denying plaintiff's claim for Social Security benefits.  The motion will be denied at this time.

1

This Court will continue to monitor plaintiff's case and will appoint counsel if the need arises.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel [#3] is DENIED without prejudice.

Dated this 19th day of January, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE